

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-6756

Re: Construction of last rider
accompanying the appropria-
tion for the State Board of
Education and State Board
of Vocational Education,
specifically with respect
to the "State Auditing Com-
mittee."

We beg to acknowledge receipt of your letter requesting an opinion from this Department, as follows:

"The last paragraph of the rider under the appropriation for the ensuing biennium for the State Board of Education and the State Board of Vocational Education reads as follows:

"'All the above appropriation shall be subject to the approval of the State Auditing Committee and none of the funds herein provided shall be spent until such approval shall have been had.'

"I presume that the State Auditing Committee mentioned in the above quoted rider provision is the Legislative Audit Committee as created by Section 2 of Senate Bill No. 27, Acts of the Regular Session of the 48th Legislature.

"1. If I am wrong in that presumption, then what constitutes the State Auditing Committee?

"2. May the State Auditing Committee delegate the approval of expenditures of such funds to any member of the Committee, or the State Auditor, or any other person?"

We shall answer your questions in their order, as follows:

1. We think you are correct in your assumption that by the term "State Auditing Committee", the Legislature meant the "Legislative

Audit Committee", as created by Section 2, Senate Bill No. 27, Acts of the Regular Session, 48th Legislature. We know of no such body as "State Auditing Committee". It appears to be a calligraphic error.

2. The requirement of the Legislature is that the appropriations to which that rider pertains shall not be spent until the State Auditing Committee shall have approved the appropriation. It is familiar law that where a board, court or legal body whatsoever is required or authorized to act, it must do so as a body, that is, it may not be the act of the separate individuals composing the board, court or body, acting in their individual capacities.

Moreover, it is further familiar law that no public officer, board, court or body whatsoever may delegate its official power to another. The required action must be that of the body acting as such.

We express no opinion as to the validity of this rider.

Very truly yours

APPROVED AUG 13, 1945

/s/ Carlos C. Ashley

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer
Assistant

OS-MR-LM

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE